UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        CRIM. CASE NO. 13-20764

    Plaintiff,

v.

        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

MARVIN NICHOLSON, et al.,

    Defendant(s).
_____/

## ORDER GRANTING GOVERNMENT'S MOTION TO EMPANEL A SEMI-ANONYMOUS JURY

The Government has filed a Motion to Empanel a Semi-Autonomous Jury and Semi-Sequestration. Defendants have filed responses in opposition. Having read the pleadings, the Third Superseding Indictment in this case, and the relevant legal precedent, the Court grants the Government's Motion.

The Third Superseding Indictment, containing 15 Counts, charges seven of the 14 Defendants in Count One with a RICO Conspiracy, 18 U.S.C. §1962(d). This case will be split into two trials because of the large number of defendants. Four of the seven Defendants in the first trial are charged in the First Count: RICO Conspiracy which alleges, *inter alia*:

    A.    That the Phantom Outlaw Motorcycle Club (Phantoms) is comprised of individual chapters located in Michigan, Ohio, Kentucky, and elsewhere.

    B.    That the Phantom's racketeering activity consisted of multiple threats and acts involving murder, robbery, extortion, interstate transportation of stolen motor vehicles and vehicle parts.

    C.    That Defendant Marvin Nicholson was the Phantom's National Enforcer and possessed firearms, including a semi-automatic SKS rifle.

    D.     That other co-defendants possessed firearms.

    E.     Multiple allegations of assault.

    F.     Orders to murder members of another motorcycle club.

Subsequent Counts charge defendants, with *inter alia*:

    2 & 3.   Assault with a Dangerous Weapon in Aid of Racketeering, 18 U.S.C. §§ 1959(a)(3); 2

    4.     Use and Carry of a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)

    5.     Assault with a Dangerous Weapon in aid of Racketeering, 18 U.S.C. §§ 1959(a)(3); 2

    6.     Conspiracy to Assault with a Dangerous Weapon in Aid of Racketeering, 18 U.S.C. § 1959(a)(6)

    7.     Use and Carry of a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)

    8.     Conspiracy to Commit Murder in Aid of Racketeering, 18 U.S.C. § 1959(a)(5)

Thus, the allegations contained in this indictment paint a picture of violent activity that supports the use of a semi-anonymous jury, where only counsel know the names of the jurors, and counsel are required to maintain the use of those names for "their eyes only."

This Court, in *United States v. Sierra-Rodriguez*, 2012 WL 1199018 (E.D. MI April 10, 2012), and the United States Court of Appeals for the Sixth Circuit in multiple cases, have recognized the necessity, constitutionality and validity of impaneling a semi-anonymous jury in an appropriate case.

    1.     In *United States v. Warman*, 578 F.3d 320, 343 (6th Cir. 2009), a case involving the multi-chapter Outlaw Motorcycle Club, the Sixth Circuit stated:
> A district court may empanel an anonymous jury in any case in which the interests of justice so require, 28 U.S.C. § 1863(b)(7), and that decision is within

>the sound discretion of the trial count. *United States v. Lawson* 535 F.3d 434, 439 (6th Cir. 2008).

The Sixth Circuit, in *Warman*, reaffirmed its prior decision in *United States v. Talley*, 164 F.3d 989 (6th Cir. 1999) that explained the type of cases where the anonymity of the jury should be preserved:

> (1) with very dangerous persons who were participants in large scale organized crime, and who participated in mob style killings and had previously attempted to interfere with the judicial process; (2) where defendants have had a history of attempted jury tampering and serious criminal records, **or** (3) where there have been allegations of dangerous and unscrupulous conduct by the defendant coupled with extensive pretrial publicity.

Citing *Talley* at 1001-02 (emphasis added), *Warman* at 2343. This Court has emphasized the word "or" because not all three types of situations are required to utilize an anonymous jury. The Third Superseding Indictment in the instant case alleges significant acts of violence engaged in by members of an extensive criminal enterprise. This suffices to require the instant order.

In *Warman*, the Sixth Circuit in upholding the District Court, noted that the Defendants were members of, or closely associated with an organization that was involved in crime and violence, and the Defendants "faced lengthy sentences upon conviction, increasing the likelihood that they would resort to extreme measures to influence the outcome of their trials." *Warman* at 344. At the same time, the Sixth Circuit explained the role of the trial judge to provide the jurors with a neutral and non-prejudiced explanation for the anonymity, to wit: "The need to protect the jury from unwanted publicity" *Id*. and/or "to prevent the jurors from being harassed by the media." *Lawson* at 440. This includes the need to shield jurors identities from the public to prevent them from unwanted attention in a high profile case. The instant case is the type of case likely to attract publicity as it enters the trial phase, as has occurred in the Devils Diciples (sic)

3

Motorcycle Club case down the hall in this courthouse. *United States v. Sutherland*, CR. # 11-20129, 20066. The Court will provide the jurors with a neutral explanation for their anonymity, and also provide them with special access assistance to and from the courthouse. At the same time, this Court has authorized the use of a lengthy jury questionnaire in this case to provide the parties with maximum information in the voir-dire process.

CONCLUSION

As this Court noted in *United States v. Sierra-Rodriguez*, 2012 WL 1199018 (E.D. Mich. April 10, 2012), in empaneling "a semi-anonymous jury wherein each counsel will know the names of the jurors, but that information cannot be shared with their clients, or anyone else":

> The Jury Selection Plan for the Eastern District of Michigan, 12/18/00, states in pertinent part in (o)(5): "Any district judge may order the names to be kept confidential in any case when the interests of justice so require."

*Sierra-Rodriguez* at Pp. 1-2. The Court finds that given the facts alleged in this case, the interests of justice support such a result.

Further, while this Court in *Sierra-Rodriguez* recognized that the jurors will not be aware of the possible sentences that may be imposed, the Sixth Circuit decision in *Warman* was focused on the defendants' knowledge that they "faced lengthy sentences upon conviction, increasing the likelihood that they would resort to extreme measures to influence the outcome of their trials." *Warman*, 573 F.3d at 344.

As to the *Lawson* factors, for the Court to consider with respect to a decision to utilize an anonymous jury, 535 F.3d at 439, this case involves allegations of very dangerous defendants who were participants in a large scale gang that participated in violent acts within a large-scale criminal enterprise. In summary, as the Sixth Circuit held in *Lawson*, "there is no constitutional

right to a public jury", just to a public trial by an impartial jury. *Id*. at 480. Nor does the Constitution hold that defendants have a right to be informed of jurors' identities. The Court reiterates that it will provide the jury with a neutral, non-prejudicial explanation for requiring anonymity.

Accordingly, the Court GRANTS the Government's Motion for Semi-Anonymous Jury.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 17, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 17, 2014.

s/Deborah Tofil
Case Manager