UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        CRIM. CASE NO. 13-20764

    Plaintiff,

v.

        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

D-2 ANTONIO JOHNSON,

    Defendant.
_____/

# ORDER
### (1) GRANTING ALL DEFENDANTS' MOTION FOR A *DAUBERT* HEARING RE GOVERNMENT PROPOSED EXPERT WITNESS MARK LOVETT
### (2) SETTING *DAUBERT* HEARING FOR 9:00AM NOVEMBER 7, 2014
### (3) DENYING DEFENSE COUNSEL WEISS' MOTION FOR RECONSIDERATION/ LEAVE TO FILE *DAUBERT* MOTION IN LIMINE (DKT. #298)
### (4) MOVING GROUP I DEFENDANTS' FINAL PRETRIAL FROM NOVEMBER 4, 2014 TO NOVEMBER 7, 2014 AT 1:30PM

    Defendant Antonio Johnson (Trial Group #1) filed a Motion for a *Daubert* Hearing to Preclude the Proposed Government "Expert" Witness Mark Lovett and/or to Limit His Testimony and for Additional Discovery. (Dkt. #267) Attorneys for all co-Defendants in Trial Group #1, and Trial Group #2 filed a Joinder/Concurrence in that Motion. Indeed, Defense Attorney Arthur Weiss filed that Motion on behalf of the second-trial Defendants. [1] (Dkt #270).

---

[1] On August 14, 2014, Defense Counsel Weiss, who had filed a joinder in Johnson's Motion filed an unsolicited 25 page supplemental brief in support of co-Defendant Johnson's Motion.
    On October 8, 2014 the Court struck that unsolicited supplemental brief. (Dkt. #292).
    On October 14, 2014, Defense Counsel Weiss filed a Motion for Reconsideration, or In the Alternative, For Leave to File Motion In Limine. In essence, Defense Counsel asserts that it wishes to raise "other relevant issues" raised in *United States v. Freeman*, 730 F.3d 590 (6th Cir. 2013) and *United States v. Hermanek*, 289 F.3d 1076 (9th Cir. 2002). (Dkt. #298, Pp.3-4).
    The Court denies Defense Attorney Weiss' Motion for Reconsideration. The Court will

The Government filed a response. (Dkt. #273).

The Government has filed an expert witness disclosure pursuant to Fed. R. Crim. P. 16(a)(1)(6) stating its intent to utilize Columbus, Ohio Detective Mark Lovett as an expert trial witness who "will offer testimony regarding the Phantom Outlaw Motorcycle Club's history, rules, hierarchy, customs, symbols (including tattoos and clothing) slang, and affiliation."

Defendant contends that in light of this disclosure, it will be necessary for the Court to fulfil its gatekeeping function under *Daubert v. Merrell Dow*, 113 S.Ct. 2786 (1993), and *Kumho Tire v. Carmichael*, 526 U.S. 137 (1999).  The United States Court of Appeals recently noted that a party offering expert testimony must show by a preponderance of proof that the expert whose testimony is being offered is qualified and will testify to scientific knowledge that will assist the trier of fact in understanding and disposing of relevant issues.  *Decker v. GE Healthcare*, __F.3d__ (6th Cir. 2014); 2014 WL ___, October 20, 2014, Slip Op. P.15, (Quoting from *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 478 (6th Cir. 2008) Slip Op. P.15.

Defendants assert that

> (1) pursuant to FRE 702, an expert is not necessary to appropriate to assist the trier of fact to understand any issue in this case.
> (2) government fact witnesses can testify as to the "so-called" expert matters.

Defendant further rejects the notion that the proffered opinion witness is an expert, due to his insufficient skill or training, lacks sufficient facts/data, and does not apply reliable principles/methods to this case.  Finally, Defendant contends that Lovett's testimony is irrelevant to the offenses charged, impermissibly prejudicial under FRE 403, and won't assist the trier of fact in understanding the evidence or per FRE 702 determining a fact in issue.

---

accept the two above-cited cases as supplemental defense authority on the issues set for the *Daubert* hearing.

Accordingly, pursuant to *Daubert*, the Court has set a hearing on Defendant Johnson's Motion, joined in by all other Defendants. Any Trial Group II Defendant who wishes to waive his presence at the hearing should have his counsel provide the Court with a signed waiver of that defendant's presence by Friday, October 31, 2014.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 21, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 21, 2014.

s/Deborah Tofil
Case Manager