UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           CRIM. CASE NO. 13-20764

           Plaintiff,

v.

           PAUL D. BORMAN
           UNITED STATES DISTRICT JUDGE

D-2 ANTONIO JOHNSON,

           Defendant.

_____/

**ORDER (1) GRANTING DEFENDANT'S MOTION TO EXCLUDE PROPOSED
FEDERAL RULES OF EVIDENCE (FRE) 702 EXPERT TESTIMONY OF
DETECTIVE MARK LOVETT;
(2) PERMITTING LOVETT TO TESTIFY UNDER FRE 701 – OPINION
TESTIMONY BY LAY WITNESS**

Columbus, Ohio Detective Mark Lovett is being offered by the Government to testify as

both an expert witness as to black motorcycle gangs under FRE 702, and as a fact witness as to

his specific investigation in this case. The Court concludes, after a *Daubert* hearing, and

thereafter supplemental briefing by the parties, that Detective Lovett cannot testify as an expert

witness under FRE 702, but can provide opinion testimony as a lay witness under FRE 701.

The Government seeks to call Detective Lovett to the stand on two separate occasions in

its case in chief, thereby separating his expert testimony from his fact testimony: first to testify

as an expert on black motorcycle gangs; second to testify as a fact witness based on his

involvement in the investigation of this case.  Defendant objects to Lovett testifying as an expert,

arguing, *inter alia*, that his qualifications as an expert have not been established, that his

proposed testimony will not help the jury understand the evidence, and that his testimony is not

1

based on sufficient facts or data.  Defendants also contends that piggybacking Lovett as an

expert witness at first, and later as a fact witness will confuse the jury and deny the defendants a

fair trial.

Federal Rule of Evidence 702 permits testimony by a witness "who is qualified as an

expert by knowledge, skill, experience, training, or education" in an opinion or otherwise if:

a.  his specialized knowledge will help the jury understand the evidence
and/or determine a fact in issue

b.  the testimony is based on sufficient facts or data

c.  the testimony is the product of reliable principles and methods, and

d.  the expert has reliable applied the principles and methods to the facts of
the case.

The Court held a *Daubert* hearing on November 7, 2014 at which Detective Lovett

testified and was cross examined by defense counsel.  Detective Lovett testified that he has been

primarily investigating the Phantom Motorcycle Club Chapter located in Columbus, Ohio since

2008, and more recently enlarged his interest to the Club's main headquarters in Detroit.  He

testified that in executing a search warrant at the Columbus clubhouse, he (1) secured a copy of

the Phantom National By-Laws, (2) seized a Phantom flag, and (3) seized colors/rags – leather

vests with patches, and (4) spoke to members of that Columbus Chapter.  Lovett also testified

that he has spoken extensively to Carl Miller, the Government's testifying informant, about the

Phantoms, and interviewed one of the defendants in this case: D-13, Charles Davis.

Lovett testified that he is knowledgeable of the Phantoms' command structure from the

National President on down, the symbols on the flag, and their colors.  Lovett testified that as a

result of his work regarding the Columbus Phantoms, a Columbus member created a t-shirt

2

listing Lovett as "one of the things I hate".

Lovett also testified that he has interviewed four members of the Columbus Chapter, and learned that the Phantoms have close to 14 chapters around the country, with the main chapter in Detroit.  Lovett testified that he has also recently been a featured speaker at a law enforcement seminar dealing with black motorcycle clubs.

On the other hand, Lovett testified that while he is quite familiar with the Columbus, Ohio chapter of the Phantoms, and the national leadership, he does not know the command structure of other chapters, has never entered into another chapter's clubhouse. Additionally, Lovett testified he has only been to Detroit twice before the instant hearing; once to interview testifying informant Carl Miller, and once to testify before the grand jury that returned the instant indictment.  During one of these visits, Lovett was driven past the Detroit Phantom's headquarters.

Lovett also testified to his knowledge of the names of other black motorcycle clubs in Detroit; Satan Sidekicks, Wheels of Soul, Sin City Disciples.  He testified that he has been studying black motorcycle gangs, and the Phantoms in particular, for many years.

Lovett testified that he has never previously been qualified as an expert to testify about outlaw motorcycle clubs, and has not authorized any books, pamphlets or papers regarding outlaw motorcycle clubs.

Lovett testified that he will offer evidence regarding the structure and hierarchy of the Phantoms.  In addition, he will testify to their reputation for violence, their acts of violence, and sharing of weapons, theft of motorcycles, rules of operation, tattoos, hand signs, and affiliation with the Vice Lords.  He testified that he has accumulated this information from interviews with

3

victims, police officers, witnesses, and informants, all located primarily in Columbus.

The United States Court of Appeals for the Sixth Circuit noted in *United States v. Lopez-Medina*, 461 F.3d 724, 742 (6th Cir. 2006), that it has overwhelmingly found police officers' expert testimony admissible where it will aid the jury's understanding of an area, such as drug dealing, that is not within the experience of an average juror. But drug dealing expertise is usually based upon code-words – not so here. As Judge Goldsmith recently noted in *United States v. Norwood*, __F. Supp.2d, 2014 WL 1689044 (E.D. MI) April 29, 2014, "The Court is not persuaded, however, that a drug-trafficking expert is sufficiently analogous to an expert offering testimony regarding the general practices of gangs." Slip Op. P.14. In that case, Judge Goldsmith excluded the Government expert under *Daubert* analysis.

The Sixth Circuit made clear in *Lopez-Medina*, that a law enforcement officer can testify as both a fact witness and an expert witness, if the district court assures that the jury is informed of the dual roles so it can give proper weight to each type of testimony – to wit, provide an adequate cautionary instruction. *Accord*: *United States v. Nixon*, 694 F.3d 623 (6th Cir. 2012).

The Court notes the recent District Court opinion in *United States v. Rivers*, 2013 WL 3937026 (W.D.TN) July 20, 2013, where Judge Todd Campbell permitted the testimony of a Government gang expert regarding the "inner workings of the Vice Lords gang finding it relevant and will assist the jury," and also finding the Government's experts qualified under *Daubert*. Slip. Op. P.3. The District Judge did not discuss in any detail the qualifications of the proposed expert.

The Court concludes that even if the Government bifurcates Lovett's testimony, and the Court provides cautionary instructions that would not raise his subject matter fact testimony to

4

relevant expertise under *Daubert*. His limited Phantoms background, involving primarily the peripheral Columbus Phantoms Chapter, does not qualify him as an expert under *Daubert* in this trial in Detroit, involving primarily Detroit members of the Detroit headquarters chapter.

In *Norwood*, the Government sought to provide "expert street gang" testimony by an FBI agent in a R.I.C.O. prosecution of the "Howard Boys" gang in Flint, Michigan. Judge Mark Goldsmith noted that the proposed expert witness had never investigated the Howard Boys gang, and indeed had never been in Flint, Michigan, the gang's locale. The Government's proposed expert Robert Bornstein was going to testify with regard to the RICO "enterprise" issue, by reciting the Justice Department's definition of what constitutes a gang, and also discuss, *inter alia*, the meaning of graffiti, tattoos, and hand signs.

Judge Goldsmith concluded, in excluding the Government's proposed expert, that his "proposed testimony is unreliable and irrelevant, and that his opinions would not aid the jury," that his "lack of familiarity with the particular gang or locale at issue in this case makes his opinions unreliable to be placed before his jury." Slip Op. P.13. Yes, Detective Lovett has familiarity with the Phantoms, but primarily with its peripheral Columbus Chapter.

A secondary reason for Judge Goldsmith's ruling was his finding that the expert's testimony was irrelevant. Since the Government, as in the instant case, expressly stated that the expert "would not be giving an expert opinion regarding the criminal enterprise," it appears "that the Government's unarticulated theory of relevance may rest on the simple conflation of street gangs with RICO enterprises." . . . "[H]owever, the Government has not set forth any clear argument why a jury's conclusion that the Howard Boys are a gang should lead it, without more, to conclude that the Howard Boys are a RICO enterprise." Slip. Op. P.15.

5

Finally, Judge Goldsmith concluded that even if the expert's testimony was "somehow relevant," it should be excluded under Federal Rule of Evidence 403 because of the risk it would confuse or mislead the jury; "the jury might easily conclude that the Government has met its burden of establishing the enterprise simply by establishing that the Howard Boys are a gang. . . . [T]he topic of gangs in general is not particularly complicated, nor is it outside the understanding of the average juror."  Slip Op. P. 16.  So too here.

Accordingly, the Court DENIES the Government's request to permit Detective Lovett to testify as an expert witness under FRE 702.

FRE 701 states:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a)  rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determine a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The 1972 Advisory Committee Notes state that "Limitation (2) is the familiar requirement of first-and knowledge or observation."  In the instant case, Detective Lovett has certain first hand knowledge based on his investigation of the Phantoms – primarily the Columbus Chapter, but also through seizure of the National By-Laws, flag, and colors, and through his interviews of certain individual government witnesses in this case.

The 1972 Advisory Committee Notes dealing with the Proposed Rules, describe FRE 701's limitation in (b) as "requiring testimony to be helpful in resolving issues . . . [and that] cross-examination and argument will point up the weakness."

The 2000 Notes dealing with the 2000 Amendments, provides that the risk of "proffering

6

an expert in lay witness clothing will not be tolerated": that "testimony based on scientific, technical, or other specialized knowledge" comes in under Rule 702 – not 701.

The 2000 Notes point out that "the Amendment does not distinguish between expert and lay <u>witnesses</u>, but rather between expert and lay testimony."  While the sentence following in the 2000 Amendment Notes states that "it is possible for the same witness to provide both lay and expert testimony in a single case" (think code words to refer to drug quantities and prices), the Court concludes that there are no similar code words in the instant case.  Instead, there are national by-laws (words), rags (clothes) and a flag (colors and words), that are for the most part facts  – not requiring scientific, technical, or other specialized knowledge to assist the jury.

The Court also concludes that the facts underlying his testimony, do not require an expert witness, they are not true expertise under Rule 702.  Further, the bifurcation into two sittings would in reality highlight Detective Lovett as an "expert" witness.

Finally, the Court also concludes that permitting Detective Lovett to testify as an expert would also violate FRE 403 as more prejudicial than probative, given the nature of the charges, RICO in particular, and the likelihood of his testimony meandering into "enterprise" facts: if it walks like a duck, quacks like a duck, then it must be an enterprise.

Accordingly, the Court will exclude Detective Lovett's proposed "expert" testimony and limit him to fact testimony and FRE 701 testimony.

SO ORDERED.

s/Paul D. Borman                 
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 26, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 26, 2014.

s/Deborah Tofil
Case Manager