

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 MARVIN NICHOLSON A/K/A Chosen One
D-2 ANTONIO JOHNSON A/K/A Mister Tony, MT
D-3 BRYAN SORRELL A/K/A PC
D-8 SHERMAN BROWN A/K/A Tank
D-9 BRIAN JACKSON A/K/A Wood
D-12 MATTHEW SCHAMANTE A/K/A Arsenal

        Defendant(s).
_____/

CRIM. CASE NO. 13-20764

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER DENYING FIRST PHANTOM TRIAL DEFENDANTS' MOTIONS FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL

BACKGROUND

On March 16, 2015, the jury rendered the following verdicts of conviction in the instant case. (Dkt. No. 469)

D-1 Marvin Nicholson

    1. Guilty on Count One (RICO Conspiracy) 18 U.S.C. § 1062(d).  Also finding that at least one of the underlying racketeering acts involved murder.
    2. Guilty on Count Five (Assault with a Dangerous Weapon in Aid of Racketeering). 18 U.S.C. §§ 1959(a)(3); 2.
    3. Guilty on Count Six (Conspiracy to Assault with a Dangerous Weapon in Aid of Racketeering).  18 U.S.C. § 1959(a)(6).

1

4. Guilty on Count Seven (Use and Carry of a Firearm During, and in Relation to, a Crime of Violence) and finding that the firearm was discharged. 18 U.S.C. § 924(c).
5. Guilty on Count Eight (Conspiracy to Murder in Aid of Racketeering). 18 U.S.C. § 1959(a)(5).
6. Guilty on Count Nine (Assault, Resisting, or Impeding Certain Officers or Employees with a Dangerous Weapon. 18 U.S.C. § 111(b).
7. Guilty on Count Ten (Felon in Possession of a Firearm). 18 U.S.C. § 922(g)(1).
8. Guilty on Count Eleven (Use and Carry of a Firearm During, and in Relation to, a Crime of Violence). Also finding that the firearm was discharged. 18 U.S.C. § 924(c).
9. Guilty on Count Twelve (Felon in Possession of a Firearm). 18 U.S.C. § 922(g)(1).

D-2 Antonio Johnson

1. Guilty on Count One and finding that act involved murder
2. Guilty on Count Five
3. Guilty on Count Six
4. Guilty on Count Seven and that the firearm was discharged.
5. Guilty on Court Eight.
6. Guilty on Count Thirteen (Felon in Possession of a Firearm). 18 U.S.C. § 922(g)(1).

D-3 Bryan Sorrell

1. Guilty on Count One and finding that act involved murder
2. Guilty on Count Five.
3. Guilty on Count Six.
4. Guilty on Count Eight, and finding that the firearm was discharged.

D-12 Matthew Schamante

1. Guilty on Count One
2. Guilty on Count Fifteen (Possession of a Firearm Not Registered in the National Firearms Registration). 26 U.S.C. §§ 5841, 5861(d) and 5871.

<u>D-8 Sherman Brown</u>

1. Guilty on Count Eight.

<u>D-9 Brian Jackson</u>

1. Guilty on Count Eight.

Defendant Antonio Johnson filed a Motion for a Judgment of Acquittal (Fed. R. Crim. P. 29) or, in the alternative, Motion for New Trial on May 28, 2015. (Dkt. No. 555) (Fed. R. Crim. P. 33).

Defendant Bryan Sorrell filed a similar motion on May 29, 2015, (Dkt. No. 559) as did Defendant Matthew Schamante on that same date. (Dkt. No. 558.)

Defendant Sherman Brown filed a Notice of Joinder/Concurrence In Defendant Johnson's Motion on May 28, 2015, (Dkt. No. 556) as did Defendant Marvin Nicholson on May 29, 2015, (Dkt. No. 557) and as did Defendant Brian Jackson on June 4, 2015. (Dkt. No. 562.)

Defendant Antonio Johnson filed a Notice of Joinder/Concurrence in Defendant Sorrell's motion on June 1, 2015. (Dkt. No. 561.)

On July 2, 2015, the Government filed an Omnibus Response to Defendants' Motions for Judgments of Acquittal and New Trials. (Dkt. No. 573.)

Defendant Johnson's Motion (Dkt. No. 555) contends that the Court should set aside the jury's verdicts of guilty on Counts 1, 5, 6, 7, 8, and 13 because

> "even taking the evidence in the light most favorable for the Government, the Government failed to establish the elements

of the crimes charged. In the alternative, if such motion is denied, Mr. Johnson respectfully moves, pursuant to Rule 33 . . . for an order granting a new trial in 'the interest of justice.'"

Defendant Sorrell's Motion (Dkt. No. 559) sets forth the same claims as to his convictions on Counts 1, 5, 6, 7, and 8.

Defendant Schamante's motion sets forth the same arguments as to his convictions on Counts 1 and 15.

The Court has reviewed the submissions of the defendants and the relevant law, and concludes that oral argument would not assist in the disposition of the motions. See E.D. Mich. LR 7.1(f)(2).

DISCUSSION

Defendants filed timely motions for judgment of acquittal under Fed. R. Crim. P. 29(c), and timely motions for a new trial under Fed. R. Crim. P. 33(b)(2).

In evaluating a Defendants' Rule 29 motion for judgment of acquittal, the Court must examine the sufficiency of the evidence in the light most favorable to the prosecution in determining whether there was sufficient evidence offered at trial to convince a rational trier of fact beyond a reasonable doubt that all of the elements of the charged crimes had been proven.

The Court "may not weigh the evidence presented, consider the credibility of witnesses, or substitute our judgment for that of the jury." *United States v. M/G Transp. Servs., Inc.*, 173 F.3d 584, 588-89 (6th Cir. 1999) cited with approval in *United States v.*

*Graham*, 622 F.3d 445, 448 (6th Cir. 2010). The *Graham* decision further quoted with approval this sentence in *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir.) cert. denied, 127 S.Ct. 446 (2006): "A defendant claiming insufficiency of the evidence bears a very heavy burden," and this sentence from *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 2006): "Furthermore, it is well-settled that uncorroborated testimony of an accomplice may support a conviction in federal court." (Citations omitted). As the Supreme Court held in *Jackson v. Virginia*, 99 S.Ct. 2781 (1979):

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

99 S.Ct. at 2789 (emphasis in original).

The Court concludes that in the instant case, there is sufficient evidence in the trial record that supports the conclusion that any rational juror could have found proofs of the necessary elements of each of the crimes of conviction as to each and every one of the convicted defendants beyond a reasonable doubt.

Count One charged a RICO Conspiracy involving the Phantom Outlaw Motorcycle Club (Phantoms) with chapters *inter alia* in Michigan, Ohio, and Kentucky. The evidence at trial established that the Phantoms had written by-laws, a specific hierarchy including a National President and a National Enforcer – and further established that these by-laws were followed and carried out in significant part by the Phantom enterprise.

Trial evidence established beyond a reasonable doubt that trial Defendants

5

Nicholson, Johnson, Sorrell, Brown and Schamante were active Phantom members involved in at least two criminal acts of racketeering in the conduct of the enterprise, and that conduct affected interstate commerce.

Trial evidence further established beyond a reasonable doubt that these Defendants were major actors in the Phantom enterprise; Antonio Johnson was National President of the Phantoms; Marvin Nicholson was National Enforcer; Raynard Brown was a nomad (he could go anywhere and everywhere among the chapters); Matthew Schamante, at various times was President and Vice President of the Pontiac chapter; and Bryan Sorrell was a significantly involved active member.

Trial evidence, including credible testimony of Phantom members, established a structured enterprise, per 18 U.S.C. §1961(4), that was ongoing and involved "persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decisionmaking." *United States v. Johnson*, 440 F.3d 832, 840 (6th Cir. 2006)(quoting *United States v. Rogers*, 89 F.3d 1326, 1337 (7th Cir. 1996) (emphasis added in *Johnson* Opinion).

Trial evidence established beyond a reasonable doubt that the Phantom enterprise had a specific hierarchy, with common insignia clothing, and by-laws that set forth structure and mandated duties/obligations of members that were in significant part followed.

The Court also concludes that trial evidence clearly established hierarchal

decisionmaking in the carrying out of Defendant Antonio Johnson's orders to take the Satan Sidekicks' rags on September 8-9, 2013, which resulted in the shooting of Leon McGee, and Johnson's tactical planning leadership in the conspiracy to murder members of the Hell Lovers Outlaw Motorcycle Club in revenge for the murder of Phantom Steven Caldwell (Shoeboots).

As to Defendant Bryan Sorrell, trial evidence clearly established his participation in the enterprise as a full-patched member with the club name "PC," his involvement in robbery, extortion, theft, shooting of Leon McGee (Counts V, VI and VII), and involvement in preparation for the retaliation "war" to avenge the murder of Steven Caldwell, A/K/A Shoeboots.

Trial evidence also established beyond a reasonable doubt, the Phantoms' impact on interstate commerce through chapters in other states, transporting stolen motorcycles/ parts, and conducting enterprise activity that included traveling to other states.

There was overwhelming evidence that the Phantom by-law "If one brother moves forward, all brothers are to move forward without hesitation" was carried out and enforced as to specific incidents and missions through orders from the chain-of-command, and indeed was also followed by members on a daily basis.

The Court credits the testimony of Carl Miller, much of which was validated by his personal recordings of his meetings with Phantoms, and his phone call recordings of conversations with Phantoms.

Trial evidence also established that Defendant Sorrell carried and used a firearm and/or aided and abetted in the carrying and use of a firearm in the shooting of Leon McGee.

The Court finds, further, that Defendants were not denied a fair trial with regard to a juror who, mid-trial, sent a note to the Court that he believed that he was followed from the courthouse to a gas station by unknown individuals in a Ford Taurus. The juror was never approached by, nor did he communicate with these individuals. In response to the juror's note to the Court describing his concern, the Court called him to the courtroom, individually, and learned that he had communicated his experience to some of his fellow jurors. In response to this revelation, the Court conducted the hearing required under *Remmer v. United States*, 347 U.S. 227 (1954); *Remmer v. United States*, 350 U.S. 377 (1956), and questioned each juror <u>individually</u> to ascertain if there was any impact on each juror from learning of the incident, and specifically, whether any juror was impacted negatively against the defendants. The Court also instructed the jurors that none of the Defendants or their families or friends were involved in that incident. All jurors but one, stated in the individual questioning that they had not become prejudiced against the Defendants and that the incident would not affect their ability to be fair and impartial jurors in the trial. The one juror who stated that the incident had an impact on her ability to proceed fairly as to the defendants was excused. Thus, the Court denies Defendants' Motion for New Trial on this ground.

As to Defendants' claim of prosecutorial misconduct in closing argument, the Court reaffirms its trial ruling that the AUSA's single reference to the Godfather or The Departed in response to a defense counsel's suggestion that the Phantoms were similar to a Rotary Club, was not a basis for a mistrial.

The Court further denies Defendant Sorrell's untimely claim that his constitutional rights were violated when his conversation with Carl Miller was recorded secretly by Miller. See Fed. R. Crim. P. 12(b)(3)(C).

The Court also denies Defendant Matthew Schamante's Motion for a Judgment of Acquittal (Rule 29), or in the Alternative, Motion for a New Trial (Rule 33), because the Court concludes that there was credible trial evidence beyond a reasonable doubt that established his guilt on Counts 1 and 15.

CONCLUSION

The Court DENIES Defendants' Fed. R. Crim. P. 29 Motions for Judgments of Acquittal and Fed. R. Crim. P. 33 Motions for New Trial.

SO ORDERED.

DATED: AUG 0 4 2015

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE