UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

vs.

No. 13-CR-20764
Hon. Gerald E. Rosen
Magistrate Judge Mona K. Majzoub

**MARVIN NICHOLSON**, et al.,

        Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR DISCLOSURE AND MOTION TO STRIKE VENIRE**

Currently before the Court are Defendants' Motion for Disclosure [of] Jury Wheel Materials and for an Evidentiary Hearing (Dkt. # 412) and Motion to Strike Venire Due to an Underrepresentation of African-Americans (Dkt. # 411). As discussed below, the Motion to Strike Venire is untimely and thus denied. That denial renders the Motion for Disclosure moot.

**I. BACKGROUND**

In June 2014, Defendants Marvin Nicholson, Antonio Johnson, Bryan Sorrell, Sherman Brown, Brian Jackson, Matthew Schamante, and Charles Davis were indicted for various violations of federal law resulting from their involvement

1

in the "Phantom Outlaw Motorcycle Club," an alleged criminal organization.[1] Third Superseding Indictment, Dkt. # 201. As part of the jury selection process in preparation for trial, the Court provided potential jurors with questionnaires, which, in part, asked potential jurors to indicate their race. *See* Trial Scheduling Order, Dkt. # 364, at 2. Completed juror questionnaires were made available to the parties on December 19, 2014. *Id.* By joint stipulation, the parties agreed that all objections to potential jurors based on the questionnaires were to be submitted by January 5, 2015. *See id.*; *see also* Joint Stipulation, Dkt. # 365; Order Enlarging Time in Which to Advise the Court with Objections re Jury Questionnaires, Dkt. # 367. Voir dire began on January 27, 2015. Order Continuing Trial Jury Selection to Tuesday, January 27, 2015, Dkt. # 393. On January 29, 2015, two days into voir dire and after 27 potential jurors had been passed for cause, Defendants made an oral challenge to the jury pool's composition. Sealed Voir Dire Transcript, Dkt. # 437. On February 19, 2015, Defendants followed that oral motion with two written motions, one seeking to strike the venire due to an underrepresentation of African–Americans, in violation of Defendants' rights under the Fifth and Sixth Amendments to the U.S. Constitution as well as the Jury Selection and Services Act of 1968, 28 U.S.C. § 1861 *et seq.*, and a second seeking disclosure of jury wheel materials and requesting an evidentiary hearing. Dkt. # 411 (Motion to

---

[1] Other Defendants in this case were also included in that indictment, but only the Defendants named here challenged the jury procedures involved in the case.

Strike); Dkt. # 412 (Motion for Disclosure). Pursuant to Administrative Order No. 00-AO-060, Judge Borman referred the motions to Chief Judge Rosen. Dkt. # 413.

## II. DISCUSSION

Both the Jury Selection and Services Act of 1968 and the U.S. Constitution provide criminal defendants with a right to have a petit jury that is selected from a fair cross section of the community in the location where the court sits. 28 U.S.C. § 1861 ("It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes."); *Castaneda v. Partida*, 430 U.S. 482 (1977); *Taylor v. Louisiana*, 419 U.S. 522 (1975). Challenges based on these principles, however, are not without procedural limits. Defendants' challenges under both the Jury Selection and Services Act and under the Fifth and Sixth Amendments are untimely and, accordingly, waived.

First, regarding Defendants' challenge under the Jury Selection and Services Act, that Act requires challenges to compliance with selection procedures in criminal cases to be made "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered . . . the grounds therefor, whichever is earlier." 28 U.S.C. § 1867(a). In this case, Defendants did not bring their challenge before voir dire began on January 27, 2015; instead, their

first challenge was not made until January 29, 2015. Neither can Defendants argue that their challenge was made within 7 days of discovery of the grounds for their challenge. The completed jury questionnaires -- indicating the race of each juror in the venire pool and the grounds for the challenge -- were made available to the parties on December 19, 2014. Parties were required to review these questionnaires and file objections to any potential jurors by January 5, 2015. Even if defendants waited until the day their objections were due to review the questionnaires, seven days after the discovery of the grounds for the challenge was January 12, 2015, more than two weeks before Defendants made their challenge. Pursuant to the Act, Defendants' motion is untimely.

Defendants' challenge under the Fifth and Sixth Amendments is likewise untimely. Challenges to grand jury arrays and petit jury pools are governed by Federal Rule of Criminal Procedure 12. Fed. R. Crim. P. 12(b)(3); *see Davis v. United States*, 411 U.S. 233, 236–37 (1973). *United States v. Ferguson*, 863 F. Supp. 2d 661, 667 (E.D. Mich. 2012). That Rule requires that "a motion alleging a defect in the indictment or information" "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). Challenges to the petit jury and the grand jury are treated identically -- both types of challenge must be raised before the start of trial. *United States v. Boulding*, 412 F. App'x 798, 802

(6th Cir. 2011) (holding that defendants waived the right to challenge the jury selection process when the challenge was made after the jury was impaneled). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely." Fed. R. Crim. P. 12(c)(3).

Though the Sixth Circuit has not made clear what event triggers the beginning of trial specifically for purposes of Rule 12(b)(3), courts in this District have reasoned, analogizing to the Speedy Trial Act and various other procedural rules, that trial commences at the start of voir dire:

> The defendants filed their motion on the fourth day of voir dire. The Sixth Circuit has not published a decision fixing the time when trial begins under Rule 12(b)(3). But for the purpose of the Speedy Trial Act, trial commences with voir dire. The same holds true for constitutional speedy trial challenges, for 18 U.S.C. § 3432 (which requires the government to provide a witness list to criminal defendants three days before the commencement of trial in capital cases), and for Federal Rule of Criminal Procedure 43 (which requires the defendant's presence "at ... every trial stage, including jury impanelment"). It follows, then, that pretrial motions attacking the jury composition also must be filed before voir dire. By that standard, the present motion was late.

*Ferguson*, 863 F. Supp. 2d at 668-69. Here, Defendants' first oral objection was not raised until the second day of voir dire. Consistent with the reasoning of *Ferguson*, the motion was untimely.

Generally, an untimely motion is considered waived. *Ovalle*, 136 F.3d at 1107. However, despite a motion's untimeliness, "a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P.

5

12(c)(3). To demonstrate good cause, a defendant must show that "some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Furgeson*, 863 F. Supp. at 668. Here, Defendants have failed to make any showing of cause for the delay (nor can the Court infer any reason why Defendants would have lacked access to the information providing the grounds for their Motions), and consequently, the Court cannot grant relief for the waiver.

Defendants' waiver of their Motion to Strike obviates the need to assess their Motion for Disclosure [of] Jury Wheel Materials and an Evidentiary Hearing. Defendants request disclosure in order to determine whether there is an underrepresentation of African–Americans in the jury pool sufficient to challenge the Grand and Petit jury selection process. But because any challenge on these grounds would be untimely, as discussed above, Defendants' disclosure request is moot, and the Court need not assess whether there is good cause for that request. Administrative Order 13-AO-016; 2013 Juror Selection Plan § (t)(1).

## III. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Strike Venire (Dkt. # 411) and Motion for Disclosure Jury Wheel Materials and an Evidentiary Hearing (Dkt. # 412) are **DENIED**.

**IT IS SO ORDERED.**


Dated: August 10, 2015  　　　　　s/Gerald E. Rosen
　　　　　　　　　　　　　　　　Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 10, 2015 by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　s/Julie Owens
　　　　　　　　　　　　　　　　Case Manager, (313) 234-5135