UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.                                         Case No. 13-cr-20764
                                           District Judge Paul D. Borman

MARVIN NICHOLSON,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S PETITION FOR COMPASSIONATE RELEASE FROM INCARCERATION**

Defendant filed a Petition for Release from Incarceration. (ECF No. 860.) The Government filed a Response in Opposition. (ECF No. 865.) Defendant filed a Reply. (ECF No. 866.)

Defendant's Petition seeks release because of his failing health and the COVID-19 pandemic. (ECF No. 860, PageID 12288.)

Defendant acknowledges that five years ago he was sentenced to 480 months imprisonment after being convicted for RICO conspiracy, and many other associated firearm and conspiracy counts. He is presently incarcerated at FCI-Greenville, IL.

Defendant submitted a request for compassionate release to his counselor for forwarding to his warden on June 26, 2020, and as of October 30, 2020, had not

1

received a response. Thus, he asserts he has exhausted his prison administrative procedures and can properly bring this Motion in this Court. The Court agrees.

Defendant contends that his many medical issues establish extraordinary and compelling reasons to warrant granting him a reduction in sentence and compassionate release. Defendant is 52-years-old and asserts that he suffers from:

1. Hypertension (high blood pressure.
2. Obesity.

(*Id*. at PageID 12289.) In addition, he asserts he suffers from an enlarged thyroid gland, subclinical hyperthyroidism, and has a plate extending from vertebrae at C4 to C7, and he underwent a fusion of the four vertebrae. (*Id*. at PageID 12290.) His medical records also show that on July 1, 2020 he had thyroidectomy surgery. (ECF No. 861, PageID 12377.)

Defendant is 5' 10" and weighs 252 pounds: his BMI is 36.24. (*Id*. at PageID 12296.) He also has a prior history of smoking.

Defendant seeks a reduction to time served, and probation or supervised release, with or without conditions. (*Id*. at PageID 12290.)

Defendant contends that Greenville FCI has 209 inmates that tested positive for COVID-19 as of October 25, 2020.

Defendant contends that all of the aforementioned medical problems create a grave risk of suffering a severe outcome if he were to come into contact with one

2

of the high number of active COVID cases at Greenville FCI. (*Id*. at PageID 12305.)

Defendant has attached his BOP medical administration records indicating the BOP's responses to his medical conditions. (*Id*. at PageID 12391-12395.) Defendant has self-administered medication to treat hypertension. (*Id*. at PageID 12387.)

The Government Response (ECF No. 865) recounts Defendant's multiple-count convictions after a six-week jury trial that established that he was the National Enforcer for the Phantom Motorcycle Club (Gang), and was convicted of "RICO conspiracy, various VICAR charges, and weapons charges." (ECF No. 865, at PageID 12401.)

Defendant's projected release date is November 19, 2047. (*Id*. at PageID 12402.) He has served only 21 percent of his sentence.

The Government notes that although Defendant's heightened risk from COVID-19 based on his confirmed CDC risk factors may qualify categorically as an extraordinary and compelling reason for release, he is not otherwise eligible for release because his medical issues are being successfully treated and managed by the medical staff at Greenville FCI, and by medical professionals outside of the facility hired by the BOP. (*Id*. at PageID 12402.) The Government notes that

3

"Nicholson has already had COVID-19 and recovered, notwithstanding his medical ailments." (*Id*. at PageID 12402-12403.)

The Government concludes that the applicable 18 U.S.C. § 3553(a) factors, which must be considered by the Court, do not support release, because Defendant, if released, would be a significant danger to the community. The Government points out that his extreme dangerousness was confirmed by trial evidence establishing that he was involved in a brutal assault of a rival motorcycle club, conspired to murder multiple other rival club members, and shot at Federal agents who were executing a search warrant. (*Id*. at PageID 12403.) The Government also notes that Defendant has a prior criminal record. The Government concludes that because this was a very serious criminal motorcycle gang, of which he was the National Enforcer, his criminality warranted his 480-month sentence. (*Id*. at PageID 12427.)

Defendant's Reply (ECF No. 866) notes that FCI-Greenville has not taken adequate steps to prevent the spread of COVID-19, pointing out that as of November 22, 2020 that FCI had 466 inmates testing positive for COVID-19--a 50% increase in only three weeks from his October 30, 2020 Motion filing. (*Id*. at PageID 12450.)

## DISCUSSION

The Court notes that the recent decision of the United States Court of Appeals for the Sixth Circuit in *United States v. Elias*, __ F.3d __ (6th Cir. 2021); 2021 WL 50169 (January 6, 2021) rejected Sentencing Guideline § 1B1.13's limitation of a court's consideration of extraordinary and compelling reasons to those specified in that Guideline, holding that those limitations do not apply to compassionate release motions brought directly by inmates. (*Id*. at p. 3.) *Elias* concludes that "district courts have discretion to define 'extraordinary and compelling' on their own initiative." The Sixth Circuit also noted that "the district court properly considered CDC guidance that was in effect at that time which did not include hypertension." (*Id*. at p. 5.)

This Court notes that as of January 8, 2021, FCI-Greenville had 13 COVID inmate positives, 674 recovered; 13 staff positives, and 55 recovered. (Per BOP Attorney Supervisor Tracy Knutson, January 11, 2021, St. Louis, MO.) The Court finds that these statistics clearly establish that the BOP has acted very positively and effectively to deal with COVID-19 at FCI-Greenville. *See*, *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020.)

The Government contends that Defendant's June 20, 2020 email request for compassionate release is not sufficient to establish exhaustion under § 3582(c)

5

because he did not use the warden's direct email, but that of his counselor. (*Id*. at PageID 12454.) The Court disagrees, and finds that Defendant has satisfied the § 3583(c) exhaustion requirement, and his case is properly before this Court.

## CONCLUSION

The Court declines to grant Defendant's Petition for Compassionate Release. The Court finds that Defendant's medical records confirm that his medical conditions are being satisfactorily treated by the BOP, both within FCI-Greenville, and when required, at neighboring medical facilities.

The Court finds that the significantly lower number of COVID-positives at FCI-Greenville indicate that the BOP has acted aggressively and successfully to respond to the COVID-19 pandemic at that institution. The Court also notes that although Defendant has previously tested positive for COVID-19, he has recovered. The Court concludes that there are no "extraordinary and compelling" reasons warranting compassionate release in this case, in particular, given Defendant Nicholson's dangerousness.

Finally, and significantly, the Court concludes, in considering the following 18 U.S.C. § 3553(a) factors, as they apply to this case, per 18 U.S.C. § 3582(c)(1)(A), that they require denial of Defendant's Petition for Release, even if there were "extraordinary and compelling" reasons in this case.

Per 18 U.S.C. § 3553(a):

The nature and circumstances of Defendant Nicholson's offenses of conviction were extremely violent--involving firearms, beatings, and RICO gang activity occurring over many states, and also shooting at Federal agents executing a search warrant. Defendant also has prior criminal convictions. There is a need for the sentence imposed to be served. Defendant has an out-date of November 19, 2047.

The Sixth Circuit noted in *United States v. Kinkaid*, 805 F. App'x 394, 395-396 (6th Cir. 2020), that it approves of a court's consideration of the percentage of time served in its required discussion of the 3553(a) factors:

> District courts routinely weigh whether a certain amount of time served is "sufficient, but not greater than necessary" to serve § 3553(a)'s purposes. That's what happens at sentencing. A district court may use that same calculus when deciding whether to grant a motion for compassionate release.

Defendant has served only 21 percent of his sentence.

(2) There is a need for the serving of a significant sentence for these most serious offenses to promote respect for the law, provide just punishment for the offense, and to deter criminal conduct, in particular, from violent gangs.

Finally, the court concludes that there is an overwhelming need to protect the public from further crimes of Defendant Nicholson if he was to be granted release.

Accordingly, the Court DENIES Defendant Nicholson's Motion for Compassionate Release.

SO ORDERED.

DATED:  January 11, 2021          s/Paul D. Borman
                                  PAUL D. BORMAN
                                  UNITED STATES DISTRICT JUDGE